[No. 32072.   Department One.   June 19, 1952.]

EDWARD F. COKELET et al., Respondents, v. T. G. PHILPOTT et al., Appellants.[1]

Ray R. Greenwood and Frank A. Shiers, for appellants.
Garland & Garland, for respondents.

MALLERY, J.—The plaintiffs entered into a written contract with the defendant well drillers for a well and casing not to exceed three hundred feet in depth, to be paid for at the rate of six dollars per foot.   The defendants did not guarantee to procure water.

Pursuant to the contract, the defendants commenced drilling operations.   At a little over one hundred feet· in depth, an insufficient supply of water was encountered. They went on down to two hundred eight feet without encountering any further water supply.   The parties then discussed the feasibility of perforating the casing at the depth where the water had been encountered.

The plaintiffs inquired of the defendants if it were possible to drill the well deeper, if the perforation experiment proved unsatisfactory, and were assured that it could be done.   This the defendants denied, but their version is an

[1]Reported in 245 P. (2d) 469.

immaterial variation of the facts, since, even according to them, the plaintiffs were assured that the well could be drilled further by first pulling out the casing and welding it where it was perforated.

The casing was perforated, but was admittedly ineffective in securing an adequate water supply. Before attempting to drill the well deeper, the defendants attempted to pull up the pipe. They succeeded in removing eighty feet, after which they lost their tools in the well, which made it impossible either to pull the remainder of the pipe or to drill the well deeper. It was thus a total loss. It being the busy season for well drilling, the defendants removed their equipment to other jobs, and did not return for nearly a year.

In the meantime, the plaintiffs, having paid in full for the two-hundred-eight-foot well, retained an attorney, who wrote letters to the defendants demanding that they correct the situation. It is the defendants' contention that they agreed to drill another well, free of charge, to the depth of eighty feet for which they had casing, but that they did this voluntarily and without consideration in a good-will effort to help the plaintiffs. In harmony with this contention, the defendants returned and drilled a well, at a site chosen by the plaintiffs, to a depth of eighty feet using the casing on hand, after which they took their equipment away and refused to proceed further.

Whereupon, this action was commenced seeking to recover the value of the well two hundred eight feet deep at the agreed price. It was plaintiffs' position that, under the new oral contract for the second well, the defendants were to go down to the depth of the ruined well, two hundred eight feet, without charge.

The trial court found for the plaintiffs, and allowed damages at the agreed rate per foot for two hundred eight feet, less the eighty feet which the defendants had drilled. The defendants appeal.

In this court, appellants contend for their version of the facts as to what the agreement was. We agree with the trial court.

Appellants further contend that the new oral agreement, as found by the trial court, was without consideration.

In *Opitz v. Hayden,* 17 Wn. (2d) 347, 135 P. (2d) 819, we held that an agreement of compromise is supported by a sufficient consideration where it is in settlement of a bona fide claim, which is unliquidated, disputed or doubtful. Thus, no inquiry was necessary on the merits as to appellants' liability, if any, because of the ruined well.

" 'The real consideration which each party receives under such a compromise is, according to some authorities, not the sacrifice of the right, but the settlement of the dispute.' " *Opitz v. Hayden, supra.*

The judgment is affirmed.

SCHWELLENBACH, C. J., GRADY, DONWORTH, and WEAVER, JJ., concur.